**Ricardo CORTEZ, Individually and in his Official Capacity as City Manager, Appellant,**

**v.**

**Hector CASIANO, Mayor of the City of Donna, Texas, Michael Lopez, Chairman, Donna Housing Authority, and Valentin Guerrero and Isabel Infante, Board of Commissioners, Donna Housing Authority, Appellees.**

No. 13–89–057–CV.

Court of Appeals of Texas, Corpus Christi.

June 29, 1989.

Rehearing Denied Aug. 31, 1989.

Terry D. Key, Jones, Galligan, Key, & Pena, Weslaco, for appellant.

Raymundo Lopez, Garcia & Lopez, Edinburg, Robert J. Salinas, Mercedes, George M. Kirk, Jr., Strahan & Kirk, Houston, for appellee.

Before NYE, C.J., and SEERDEN and BENAVIDES, JJ.

OPINION

SEERDEN, Justice.

This is an appeal arising from a dispute over which city official of the City of Donna, Texas has the authority under Tex.Loc. Gov't.Code Ann. § 392.001 (Vernon 1988) to

---

appoint commissioners to the Donna Housing Authority. The mayor and the city manager each claim to have the authority to appoint the commissioners. The trial court entered an injunction order concluding that the mayor would probably prevail on the merits, and enjoining the city manager from making any appointments to the Housing Authority. We reverse the judgment of the trial court and dissolve the temporary injunction.

■■■ Our review of the granting or denying of a temporary injunction is limited to a determination of whether there has been a clear abuse of discretion by the trial court. *State v. Southwestern Bell Telephone Co.*, 526 S.W.2d 526, 528 (Tex.1975). The applicant for injunction must show a probable right to recover and probable injury if the relief is denied. *Sun Oil Co. v. Whitaker*, 424 S.W.2d 216, 218 (Tex.1968).

■■ Here, the case was submitted on agreed stipulated facts and exhibits. The controversy, therefore, centers around the interpretation of Tex.Loc.Gov't.Code Ann. § 392.031 (Vernon 1988) which provides:

(a) If the governing body of a municipality adopts a resolution declaring a need for a housing authority, the governing body shall promptly notify the mayor of the adoption. *On receiving the notice, the mayor shall appoint five persons to serve as commissioners of the authority.*

(b) A commissioner may not be an officer or employee of the municipality.

(c) A certificate of the appointment of a commissioner shall be filed with the clerk of the municipality. The certificate is conclusive evidence of the proper appointment of the commissioner.

The term "mayor" is defined by Tex.Loc. Gov't Code Ann. § 392.002(7) to mean "the mayor of a municipality or the officer given the duties customarily imposed on the mayor or executive head of a municipality."

The City of Donna is a home rule city. The powers and duties of the mayor are set forth in the City Charter, article II, § 11 which states, in part:

The Mayor shall preside at all meetings of the Council and shall be recognized as head of the City government for all ceremonial purposes, for the purpose of receiving civil process, and for military purposes, but shall have no regular administrative duties.

The city manager's function are set forth in article VI, §§ 1 and 2 of the city charter which states, in part:

Section 1.

The Council shall appoint a City Manager who shall be the chief administrative and executive officer of the City.

Section 2. POWERS AND DUTIES OF THE CITY MANAGER

The City Manager shall be responsible to the Council for the proper administration of all affairs of the City and to that end he shall have power and shall be required to:

(a) Appoint and remove any officer or employee of the City except those officers appointed by the Council and except as otherwise provided by this Charter.

(b) Prepare the budget annually, submit it to the Council and be responsible for its administration after adoption.

(c) Prepare and submit to the Council as of the end of the fiscal year a complete report on the administrative activities of the City for the preceding year.

(d) Keep the Council advised of the financial condition and future needs of the City and make such recommendations as may seem desirable.

(e) Appoint, deemed necessary by the City Manager, a qualified administrative officer of the City to perform his duties during his temporary absence or disability.

(f) Perform such other duties as may be prescribed by this Charter or required of him by the City Council, not inconsistent with the provisions of this Charter.

The charter of the City of Donna specifies that the mayor shall not have administrative duties, but shall be recognized head of the city only for ceremonial purposes. The Charter provides that the city manager

is responsible for appointing any officers or employees of the city except those officers appointed by the Council and except as otherwise provided by the Charter. Nowhere in the charter is the mayor given any power of appointment. We find that the appointment powers set forth in the charter support the city manager's contention that the charter charges him with the duties customarily imposed on the mayor to bring him within the definition of mayor found in Tex.Loc. Gov't Code Ann. § 392.002(7) for purposes of appointing commissioners to the Housing Authority. *See* Op.Tex.Atty.Gen. No. JM—686 (April 30, 1987). For this reason, we find that the mayor did not establish a probable right to recover on the merits and the injunction should have been denied. Appellant's first point of error is sustained and the injunction is ordered dissolved.